ELIZA VAN CLEVE, WIFE OF JOHNSON VAN CLEVE, v. PETER ROOK.

1. It does not follow that because in a declaration in ejectment the plaintiff's right of possession is averred to have accrued more than twenty years ago, that his right of action is gone; to have produced this result, there must have been an adverse possession covering the statutory period.

2. Under the eleventh section of the married woman's act, (*Rev.*, p. 638,) a *feme covert* can maintain an action in her own name, and without joining her husband, for the recovery of "all property, both real and personal."

On demurrer to declaration.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *James Steen.*

For the defendant, *C. H. Trafford.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The first objection raised on the demurrer to the declaration in this case is, that it appears by the plaintiff's own showing that her right of action is barred by the statute of limitations. The time laid as the date of the accrual of the plaintiff's right of possession, is the 4th of July, 1855, being more than twenty years before the commencement of this proceeding. But the position here assumed is erroneous. It does not follow that because the plaintiff's right of possession accrued more than twenty years ago, that her right of action is gone, for to produce this result it is necessary to introduce a second factor, to wit, that there has been an adverse possession covering the statutory period. An example will make this plain. Suppose the plaintiff got her title twenty years ago, and at that time A was in possession and held adversely for ten years, and then that he abandoned the property, and the defendant, having no connection with A, entered and held adversely for fifteen years. Now, in this case, the plaintiff's right of possession would have accrued twenty-five years before the bringing of her action, and yet such action would not be barred. The declaration in the present case, following the form given by the statute, does not show that the defendant has been in possession from the time that the plaintiff's right accrued. If the defendant should put in the statutory plea of not guilty, its effect is to admit only that " he was in possession of the premises for which he defends, or that he claimed title thereto at the time of commencing the action." *Rev., p.* 327, § 13.

In ejectment, by force of the ancient form of proceeding, the questions arising out of the statute of limitations were not presented in the pleadings, but were among the disclosures of the trial. In the present practice, the date of the right of the plaintiff's possession appears to have been sub-

stituted for the date of the fictitious demise, which instrument was held to be truly described with respect to time, if its date was shown to be posterior to the accrual of the title of the lessor of the plaintiff. And this agreement between the averment and the proof is still essential, for the right of possession cannot be laid anteriorly to the time when it actually accrued. *Vreeland* v. *Ryerson*, 4 *Dutcher* 205.

This first exception cannot prevail.

Nor do I think the second objection more tenable. The action is brought by a married woman in her own right, and it is insisted her husband should be joined. But this contention plainly antagonizes the eleventh section of the married woman's act, (*Rev.*, p. 638,) which authorizes a *feme covert* to maintain an action in her own name, and without joining her husband, for the recovery of "all property, both real and personal."

The plaintiff must have judgment.